LYLE C. CAVIN, JR., SBN 44958
LAW OFFICES OF LYLE C. CAVIN, JR.
201 Fourth Street, Suite 102
Oakland, California 94607
Tel: 510-444-2501
Fax: 510-444-4209

Attorneys for Plaintiff
Michael Terrell

E-filing

ADR

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL TERRELL,

    Plaintiff,

v

NATIONAL RAILROAD PASSENGER CORPORATION,

    Defendant.

Case No. C07-05236 BZ

**COMPLAINT FOR DAMAGES**

**DEMAND FOR JURY TRIAL**

### A. PARTIES

1. Plaintiff is Michael Terrell, an individual, who is a railroad worker and a resident and citizen of the State of California.

2. Defendant is National Railroad Passenger Corporation ( a.k.a. Amtrak), which at all times material hereto, was and is a railroad corporation doing business in the State of California. Defendant is a foreign corporation which resides in and is subject to personal jurisdiction in the Northern District of California in that it has regular and systematic contact with the Northern District. Service of process may be had upon Defendant by serving Alicia Serfaty, Acting Corporate Secretary, 60 Massachusetts Avenue, NE, Washington, DC 20002.

1

Complaint for Damages/Demand for Jury Trial

## B. JURISDICTION

3. This court has jurisdiction over the lawsuit because the action arises under the Federal Employers' Liability Act, (F.E.L.A.), Title 45 U.S.C. §51 et seq., and the jurisdiction of this court is invoked under the provisions of said Act.

## C. VENUE

4. Venue is proper in this matter pursuant to the terms of Title 28 U.S.C. §1391 in that Defendant has regular and systematic contacts with the Northern District.

## D. FACTS

5. At all times mentioned in this complaint, Defendant was a common carrier by railroad engaged in interstate commerce through and between the several states. Plaintiff was employed by Defendant as a trackman to further those activities. At all times material hereto, Plaintiff, as employee, and Defendant, as employer, were mutually engaged in interstate commerce.

6. In the course of his work as a trackman, Plaintiff was injured as a result of Defendant's negligence on or about October 18, 2004 as he attempted to remove a derail device from the track near the Santa Clara, California station, and on or about January 12, 2005 as he attempted to set tie plates near the Broadway station at Burlingame, California.

## E. FEDERAL EMPLOYERS' LIABILITY ACT

7. Defendant owed Plaintiff a duty to provide a reasonably safe place to work.

8. Defendant breached its duty to provide Plaintiff with a reasonably safe place to work. The injuries to Plaintiff were due in whole or in part to the negligence of Defendant, its agents, servants or employees acting in the course and scope of their employment, by:

    a)     failing to provide Plaintiff with a reasonably safe place to work;

    b)     failing to provide Plaintiff with proper and adequate manpower to perform the work in question;

    c)    failing to provide Plaintiff with proper and adequate equipment to perform the work in question;

    d)    failing to properly supervise and instruct Plaintiff.

### F. DAMAGES

9. As a result of the occurrences of October 18, 2004 and January 12, 2005, Plaintiff has suffered damages as enumerated in Paragraphs 10 - 15, below.

10. Plaintiff has suffered serious injuries and permanent impairment to his spine and other parts of his body. In all reasonable probability he will continue to suffer in this manner for a long time into the future, if not for the balance of his natural life. Plaintiff would show that due to the incident described above, he has suffered permanent physical impairment and a loss of life's pleasures.

11. Because of the nature and the consequences of his injuries, Plaintiff has suffered great physical and mental pain, suffering, and anguish and in all reasonable probability he will continue to suffer in this manner the balance of his natural life.

12. At the time of the incidents complained of, Plaintiff was gainfully employed as a railroad trackman. As a result of the negligence of the Defendants, Plaintiff is unable to return to his occupation. Plaintiff has lost wages in the past and will suffer a loss of future earning capacity including wages and benefits.

13. As a further result thereof, Plaintiff has incurred expenses for medical care and attention, such as physician's fees, medical supplies, appliances, medicine, hospitalization and nursing services. These expenses were incurred for necessary care and treatment of the injuries resulting from the incidents complained of. The charges are reasonable and they were the customary charges made for such services in the area in which they were rendered.

14. As a further result of the injuries sustained by Plaintiff, there is a reasonable probability that he will incur future expenses for his medical care and attention.

15. As a result of the incidents complained of herein, Plaintiff has suffered in the past and, within reasonable medical probability, will continue to suffer in the future from physical impairment.

### G. PRAYER

16. For these reasons, Plaintiff asks for judgment against Defendant for the following:

    a.    Judgment against Defendant in excess of $700,000;

    b.    Post-judgment interest;

    c.    Costs of suit; and

    d.    All other relief the Court deems appropriate.

### DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues herein.

Dated: October 11, 2007            LAW OFFICES OF LYLE C. CAVIN JR.

By _____
Lyle C. Cavin, Jr.
Attorneys for Plaintiff
Michael Terrell

---

4

Complaint for Damages/Demand for Jury Trial

LAW OFFICES OF
LYLE C. CAVIN, JR.
A PROFESSIONAL CORPORATION
TELEPHONE - (510) 444-2501
FACSIMILE - (510) 444-4209
201 FOURTH STREET, SUITE 102
OAKLAND, CALIFORNIA, 94607