B. CLYDE HUTCHINSON, State Bar No. 037526
bch@llcllp.com
LIZA SIU MENDOZA, State Bar No. 242493
lsiumendoza@llcllp.com
LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541
Telephone:   (510) 433-2600
Facsimile:    (510) 433-2699

Attorneys for Defendant
NATIONAL RAILROAD PASSENGER
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL TERRELL,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER CORPORATION,<br><br>Defendant. | Case No. 3:07-cv-05236 BZ<br><br>**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S INITIAL DISCLOSURES PURSUANT TO FRCP 26**<br><br>Action Filed: October 12, 2007 |

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant National Railroad Passenger Corporation (Amtrak) hereby provides its initial disclosures as follows:

1. <u>The Names of Individuals Likely To Have Discoverable Information Relevant To Disputed Facts</u>:

   A.   Michael Terrell

   B.   Amtrak Employees (All of Whom Can Be Reached Through Counsel to Amtrak):

   (1) Lupe Monarez, Plaintiff's foreman at the time of accident of 10/18/04.

   (2) Members of the Amtrak Accident Investigation Committee for the accident on 10/18/04, including but not limited to, Dale Hansen (ADE) Doug Weber (Safety Manager) and Michael Albanese (Acting Assistant Superintendent – Engineering)

  (3) Samuel Marquez, worked with Plaintiff on 1/12/05

  (3) Anthony Arratis, worked with Plaintiff on 1/12/05

  (4) Eddy Joseph, worked with Plaintiff on 1/12/05

  (5) Allan Osgood, worked with Plaintiff on 1/12/05

  (9) Jacob Ghazali, worked with Plaintiff on 1/12/05

  (10) Members of the Amtrak Accident Investigation Committee for accident of 1/12/08, including but not limited to Derek Brown (Senior Engineer), Douglas Weber (Safety Manager), Philip Nicotra (Senior Engineer) and Alfonso Mondragon (ADE Track).

  (11) Other employees will be identified as they become known.

C. Plaintiff's Health Care Providers.

D. Additional witnesses will be disclosed by Amtrak if identified by further investigation.

2. <u>A Description of All Unprivileged Documents, Data Compilations, and Tangible Things in the Possession of Defendant Which Are Relevant To Disputed Facts.</u>

  (1) Amtrak Employee Injury/Illness Reports for the accident of 10/18/04 and 1/12/05.

  (3) Amtrak's Employee Job Related Injury/Illness Lost Time and Restricted Work Activity Reports for the accident of 1/12/05.

  (4) Plaintiff's medical records (which are under the control of Plaintiff.)

  (5) Photograph of the portable derail.

  (6) Portable derail brochure.

  (7) Accident site sketch for the accident of 10/18/04.

  (8) Witness statements for the accident of 1/12/05.

  (9) Hearing transcript regarding investigation of Plaintiff resulting from a failed drug test performed after the accident of 1/12/05.

  (10) Additional documents may be submitted once additional facts are developed.

3. <u>Relevant Insurance Agreements to Disclose Pursuant To Rule 26(a)(1)(d).</u>

Defendant Amtrak has no relevant insurance agreements to disclose pursuant to Rule 26(a)(1)(D). Amtrak is self-insured for claims of the nature and amount asserted by Plaintiffs herein.

Dated: February 25, 2008

LOMBARDI, LOPER & CONANT, LLP

By: /s/ Liza Siu Mendoza
LIZA SIU MENDOZA
Attorneys for Defendant
NATIONAL RAILROAD PASSENGER CORPORATION

**CERTIFICATE OF SERVICE**
*Michael Terrell v. National Railroad Passenger Corporation*
United States District Court, Northern District, San Francisco Case no. 3:07-cv-05236 BZ

I, Katey Riordan, do hereby declare:

I am a citizen of the United States, over 18 years of age and not a party to the within action. I am employed in the County of Alameda; my business address is 1999 Harrison Street, Suite 2600, Oakland, CA 94612.

On February 25, 2008, I served the within:

**DEFENDANT NATIONAL RAILROAD PASSENGER CORPORATION'S INITIAL DISCLOSURES PURSUANT TO FRCP 26**

on all parties in this action, as addressed below, by causing a true copy thereof to be distributed as follows:

| | |
|---|---|
| Mr. Lyle C. Cavin, Jr.<br>Law Offices of Lyle C. Cavin, Jr.<br>201 Fourth Street, Ste. 102<br>Oakland, CA 94607 | Tel: (510) 444-2501<br>Fax: (510) 444-4209<br>*Attorneys for Plaintiff*<br>*MICHAEL TERRELL* |
| Michael H. Hennen<br>Provost Umphrey, L.L.P.<br>1560 W. Bay Area Blvd., Ste. 355<br>Friendswood, TX 77546 | Tel: (281) 461-9735<br>Fax: (281) 461-7754<br>*Attorneys for Plaintiff*<br>*MICHAEL TERRELL* |

☒ **By United States Mail:** I enclosed the document in a sealed envelope or package addressed to the persons at the addresses listed above and placed the envelope/package for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing documents for mailing. On the same day that the document is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing an affidavit.

I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Oakland, California.

☐ **By Fax Transmission:** Based on an agreement of the parties to accept service by fax transmission, I faxed the documents to the persons at the fax numbers listed above. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

☐ **By Overnight Delivery:** I enclosed the documents in an envelope or package provided by an overnight delivery carrier and addressed to the persons at the addresses listed above. I place the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier.

☐ **By Personal Service:** I personally delivered the documents to the persons at the addresses listed above. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's

LOMBARDI, LOPER & CONANT, LLP
Lake Merritt Plaza
1999 Harrison Street, Suite 2600
Oakland, CA 94612-3541

office by leaving the documents in an envelope or package clearly labeled to identify the attorney being served with the receptionist or an individual in charge of the office. (2) For a party, delivery was made to the party or by leaving the documents at the party's residence with some person not less than 18 years of age between the hours of eight in the morning and six in the evening.

☐ **By Messenger Service:** I served the documents by placing them in an envelope or package addressed to the persons at the addresses listed above and providing them to a professional messenger service for service. *(A declaration by the messenger must accompany this Proof of Service.)*

☐ **By E-Mail or Electronic Transmission:** Based on a court order or an agreement of the parties to accept service by email or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on February 25, 2008, at Oakland, California.

/s/ Katey Riordan
Katey Riordan